UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**DAVID WESLEY STRANGE**                                                                 **PLAINTIFF**

v.                                                                    **CIVIL ACTION NO. 5:25-CV-P126-JHM**

**RIVER COUNTY DRUG AND VIOLENCE TASK FORCE**                         **DEFENDANT**

**MEMORANDUM OPINION**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff David Wesley Strange was incarcerated as a pretrial detainee at the Ballard County Jail. He sues the River County Drug and Violence Task Force. Plaintiff claims that the River County Drug and Violence Task Force violated his constitutional rights when it executed a search warrant at the Ballard County Jail.[1] Plaintiff specifically alleges as follows:

> On April 16, 2025, at appx 8:00 pm I was laying down on my bed going to sleep when the door opened and 6 heavly armed officers came in telling everyone to get on the floor yelling profanity and to get down on our faces with our hand behind our head. As I was complying with the order I felt my life was in danger with how they were reacting. I have very high blood pressure and have been through high traumatic experiences. I don't do well around large crowds and this was very traumatic for me. I am now seeking mental health help to help cope with the experience.

[DN 1 at 4].

---

[1] Fifteen separate actions have been filed in this Court regarding this incident. Although Plaintiff does not mention a search warrant in his complaint, the Court takes judicial notice that in some of the other actions, the complaints reflect that this incident happened while the River County Drug and Violence Task Force was executing a search warrant at the Ballard County Jail. *See, e.g.*, *Irvan v. River County Drug and Violent Task Force*, No. 5:25-CV-98-JHM (DN 1); *Roman v. River County Drug and Violence Task Force*, No. 5:25-CV-132-JHM (DN 1).

The Court construes the complaint as asserting a Fourteenth Amendment[2] excessive-force claim against the River County Drug and Violence Task Force.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint

---

[2] The Fourteenth Amendment applies to Plaintiff's excessive-force claim because he indicates that he was a pretrial detainee when the alleged incident occurred. *See, e.g., Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013).

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And a court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require a court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Sixth Circuit has held that a multi-county task force is not an entity subject to suit. *Mayers v. Williams*, No. 16-5409, 2017 U.S. App. LEXIS 22053, at *8 (6th Cir. Apr. 21, 2017). 'Rather, "the proper defendants are . . . the jurisdictions that have joined together to form

the [task force]." *Id.; see also Lopez v. Foerster*, No. 20-2258, 2022 U.S. App. LEXIS 8591 (6th Cir. Mar. 29, 2022). This means that, here, the respective counties that have joined together to form the River County Drug and Violence Task Force, and not the Task Force itself, are the proper defendants.

However, even if Plaintiff had sued the respective counties that make up the River County Drug and Violence Task Force, the complaint would still fail to state a claim upon which relief may be granted. This is because neither a municipality nor a county can be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal or county policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). Here, Plaintiff's allegations do not show that he suffered any constitutional injury due to a policy or custom of one of the counties which is part of the River County Drug and Violence Task Force. Thus, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

Finally, the Court observes that even if it allowed Plaintiff to amend the complaint to bring an excessive-force claim against any of the individual law enforcement officers of the Task Force who participated in the search of the Ballard County Jail on the day in question, the Court would dismiss that claim. The Supreme Court clarified the Fourteenth Amendment standard for excessive-force claims in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). *Kingsley* established "a two-prong inquiry for Fourteenth Amendment excessive-force claims." *Hale v. Boyle Cnty.*,

18 F.4th 845, 852 (6th Cir. 2021). First, "an official must purposefully, knowingly, or ('possibly') recklessly engage in the alleged physical contact with the detained person . . . ." *Id*. (citing *Kingsley*, 576 U.S. 396-97 (internal citations omitted)). Second, "the official's use of force must be objectively unreasonable." *Id*. Courts consider the following factors in assessing the "reasonableness or unreasonableness of the force used":

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 576 U.S. at 397.

Even if Plaintiff's allegations satisfied the first component set forth above, the Court finds that they do not satisfy the second – that is, they do not establish that any Task Force member's actions were objectively unreasonable. As to the relationship between the need for force and the amount of force used, the Task Force was executing a search warrant at a jail, which presented the Task Force officers with a serious security concern, not only with inmates but also with the jail officers themselves. Moreover, Plaintiff was not physically injured, and his allegations do not pertain to any actions specifically taken against him. His allegations also fail to show how the Task Force could have tempered the amount of force used while securing the jail to safely execute a search warrant there. In sum, while Plaintiff may have understandably been afraid during the incident, there is no indication that any Task Force officer's actions were "objectively unreasonable" so as to violate Plaintiff's Fourteenth Amendment rights.

## IV.

For the foregoing reasons, the Court will enter a separate Order dismissing this action for failure to state a claim upon which relief may be granted.

Date: November 10, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014